## STOVER v. STATE.

Opinion delivered November 8, 1926.

1. INTOXICATING LIQUORS—MAKING MASH—EVIDENCE.—Evidence *held* sufficient to sustain a conviction of making mash for distillation of intoxicating liquor.

2. CRIMINAL LAW—REMARK OF COURT—PREJUDICE.—A remark of the court in a liquor prosecution that "this is a case in which it looks like we are not going to get the witnesses here for the defendant," made because of failure of several of defendant's witnesses to answer upon call of the case, *held* harmless, especially in view of immediate admonition to the jury to disregard the remark.

Appeal from Clark Circuit Court; *James H. McCollum,* Judge; affirmed.

*Fletcher McElhanon* and *R. W. Huie, Jr.,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Clark County for the

crime of making mash for the distillation of intoxicating liquor, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which judgment an appeal has been duly prosecuted to this court.

Appellant assigns two alleged errors as grounds for a reversal of the judgment, the first being that the evidence is not sufficient to support the verdict, and the second, that the trial court made an improper remark in the presence and hearing of the jurors which prejudiced his rights.

(1). The testimony introduced by the State was to the effect that the sheriff of the county and two other officers discovered a still a mile and a-half or two miles east of appellant's home about a week before he was arrested. During the interim the still was moved to a point about three-quarters of a mile west of appellant's home. After the removal of the still, the officers discovered two barrels containing mash near it, and a pot about twenty-five yards from the barrels. Early the next morning they returned to the scene and concealed themselves behind some bushes. In the neighborhood of 8 o'clock A. M., the sheriff and one of the officers, W. D. Cook, observed appellant carrying water from a nearby branch to the barrels, and, from his swinging movement, thought that he was stirring the mash in the barrels. Their view was obstructed to some extent by intervening bushes. The other officer, H. L. Bachelor, was about ten or fifteen feet from his brother officers, and had a better view than they had. He testified that appellant passed within ten or fifteen steps of him, with a bucket on his arm; that he made two trips to the branch for water, which he poured in the barrels, then stirred the mash in the barrels with a stick; that he observed appellant closely, taking particular notice of his very unusual mustache, and noticed, particularly, that appellant was the man who carried the water and stirred the mash. The officers went back to the still the following morning, and found that the mash had been run off, and that the worm

had been attached to the pot, which was hot, having been fired up. They also found some whiskey in a tin can. After pouring out the mash and whiskey and destroying the still, they repaired to a point near appellant's home, and again concealed themselves. A short time after sunup, appellant approached the house, in a drunken condition, and was arrested by the officers. His clothing was wet up to his waist. His excuse for being away from home so early was that he had been out hunting for a neighbor's cow.

The testimony recited above is ample to support the verdict. Appellant was positively identified as the man who was mixing the mash, and the circumstances warranted the inference that he was guilty of making mash fit for the distillation of intoxicating liquor.

(2). On the call of the case for trial, several of appellant's witnesses failed to answer to their names, whereupon the court said, "This is a case in which it looks like we are not going to get the witnesses here for the defendant." The remark was made in the presence of all of the jurors on the regular panel, and was objected to and excepted to at the time by appellant. The court told the jury that he did not intend to reflect upon appellant, and for them to disregard the remark entirely in their consideration of the case.

We do not see how the remark could have prejudiced the rights of appellant, but, if it tended to do so, the immediate admonition of the court necessarily removed any resultant prejudice.

No error appearing, the judgment is affirmed.